```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

JIMMY SMITH, ET AL                        CIVIL ACTION

VERSUS                                    NO: 05-4654

GREAT WEST CASUALTY COMPANY,              SECTION: J
ET AL
```

### ORDER AND REASONS

Before the Court is Plaintiff's **Motion in Limine to Exclude Certain Evidence (Rec. Doc. 110).** Plaintiff seeks to exclude: 1) any evidence pertaining to his own criminal record, including a sex offense conviction and sex offender status; 2) any evidence of prior bad acts and convictions in the form of arrests; and 3) any evidence of sexual contact between Plaintiff and anyone other than his wife.

This motion, which is opposed, is set for hearing on November 14, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be granted.

### Background Facts

The instant matter arises out of a motor vehicle accident in

which Plaintiff's wife was struck by an 18-wheeler on I-10 and ultimately died. Plaintiff filed suit against the driver, the company who owns the 18-wheeler and employs the driver, and the company's insurer seeking wrongful death and survival damages.

In 2000, Plaintiff was convicted of a sex offense against a minor and as a result, has to register as such. Prior to this offense, Plaintiff was arrested for domestic violence in 1994 and for malicious mischief and resisting arrest in 1989. Plaintiff has filed the instant motion to exclude this evidence.

## **Evidentiary Standard**

Federal Rules of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 provides that evidence, although relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

For purposes of impeachment, evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence

2

outweighs its prejudicial effect to the accused.  Fed. R. Evid. 609(a).  Regarding convictions that are older than ten years, evidence of such convictions is not admissible unless the court determines, in the interest of justice, that the probative value of the conviction substantially outweighs its prejudicial effect.

### Arguments of the Parties

Plaintiff states that applying Rule 403, any evidence of his sex offense conviction and his sex offender status should be excluded as its introduction would confuse, prejudice, and mislead the jury.  According to Plaintiff, he has served his time and was forgiven by his wife.  Subsequent to his one year in jail, he was reunited with his family for four years.  Additionally, Plaintiff asserts that his prior bad acts and convictions that are over ten years old should be excluded under Rule 609(b).  Furthermore, Plaintiff points out that his conviction and these prior acts have nothing to do with his ability to tell the truth at the trial of this matter.

In response, Defendant asserts that Plaintiff's sex offense conviction is admissible under Rule 609.  Defendant states that the conviction's probative value outweighs its prejudicial nature as it directly bears on Plaintiff's assertion that he and his wife reconciled after the conviction until the time of the accident.

Furthermore, the conviction has independent relevance to Plaintiff's wrongful death claim.  According to Defendant, evidence or reference to Plaintiff's sexual contact behavior, his

sexual offender status, and his previous arrests, particularly his arrest for domestic violence in 1994, are relevant to an issue of material fact, namely, the extent and nature of Plaintiff's claim for damages for the wrongful death of his wife (i.e. damages for loss of consortium, service, and society under La. Civ. Code Art. 2315(B)).

## Discussion

Under Rule 609, evidence that a witness has been convicted of a crime is admissible for purposes of impeachment, i.e. to attack the character of truthfulness of a witness.  However, such evidence is admitted only if the court determines the probative value of admitting the evidence outweighs its prejudicial effect.

The evidence Plaintiff seeks to exclude is highly prejudicial.  Furthermore, for purposes of impeachment, the types of crimes typically considered relevant are those crimes involving dishonesty and false statement.  Crimes typically held to be probative of truthfulness and untruthfulness are "forgery, income tax frauds including bribery, bankruptcy fraud, making false statements of a variety of kinds . . ., false pretenses, cheating, embezzlement, swindling, false advertising, frauds on creditors, issuing bad checks or using another's credit card without authority, criminal impersonation and unlawfully concealing a will." <u>Eagan v. Laplace Towing, Inc.</u>, 1993 WL 121237, *4 (E.D. La. April 14, 1993).  A conviction for a sex offense is clearly not such a crime.

As far as independent relevance for purposes of Plaintiff's

wrongful death claim, Plaintiff's conviction and prior bad acts which occurred several years ago are not relevant to the state of Plaintiff's marital relationship with his wife surrounding the time of her death.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion in Limine to Exclude Certain Evidence (Rec. Doc. 110)** should be and hereby is **GRANTED**. However, if Plaintiff does or says something during trial of this matter to open the door to his conviction and/or prior bad acts, such evidence may become admissible.

New Orleans, Louisiana this 15th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE